# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GARY WETZEL,  
    #24815  

    Plaintiff,                    3:11-cv-00149-RCJ-VPC

vs.  

                                     **ORDER**

ROBERT BANNISTER, *et al.*,

    Defendants.

        This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. On March 1, 2011, this court issued an Order severing the claims of each plaintiff in 3:10-cv-00760-HDM-VPC (docket #8). The court directed the Clerk to open separate actions for each plaintiff and file the screening order in each new action. Defendants have filed a motion for reconsideration and/or clarification of the court's screening order (docket #4), which the court now considers.

        Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In the motion for reconsideration, defendants have presented facts demonstrating that several plaintiffs in 3:10-cv-00760-HDM-VPC have previously used what defendants term "creative joinder" in order to circumvent the mandatory filing fee requirements of the Prison Litigation Reform Act. Good cause appearing, defendants' motion is granted. Plaintiff Wetzel is directed to submit an application to proceed *in forma pauperis* (or pay the filing fee in full) within thirty (30) days of the date of entry of this Order. Plaintiff is expressly cautioned that failure to submit such an application may result in the immediate dismissal of this entire action.

      **IT IS THEREFORE ORDERED** that defendants' motion for reconsideration and/or clarification of the court's screening order (docket #4) is **GRANTED**.

      **IT IS FURTHER ORDERED** that the Clerk **SHALL SEND** plaintiff the approved form for an application to proceed *in forma pauperis* by a prisoner, as well as the document "Information and Instructions for Filing a Motion to Proceed *In Forma Pauperis*." Within **thirty (30)** days from the date of entry of this order, plaintiff **SHALL SUBMIT** the full filing fee of $350, or **SHALL FILE** a completed and signed application to proceed *in forma pauperis* on the form provided by this court.

      **IT IS FURTHER ORDERED** that plaintiff is expressly cautioned that if he does not timely file an application to proceed *in forma pauperis* in compliance with this order this case may be immediately dismissed.

DATED this 1st day of April, 2011.

_____
UNITED STATES DISTRICT JUDGE